(C. D. 1159)

WM. FILENE'S SONS CO. v. UNITED STATES

United States Customs Court, First Division

(Decided February 18, 1949)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Arthur R. Martoccia* and *Chauncey E. Wilowski*, special attorneys), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

MOLLISON, Judge: The plaintiff herein imported into the United States certain dried natural gourds which had been painted in various colors. Classification thereof was made by the collector of customs at the port of Boston under the provision in paragraph 1518 of the Tariff Act of 1930 for—

* * * natural grasses, grains, leaves, plants, shrubs, herbs, trees, and parts thereof, not specially provided for, when bleached, 50 per centum ad valorem; when colored, dyed, painted, or chemically treated, 75 per centum ad valorem * * *.

with consequent assessment of duty at the rate of 75 per centum ad valorem. Various claims are made in the protest, but the claim relied upon is that for duty at the rate of 20 per centum ad valorem under the provision in paragraph 1558 of the same act for non-enumerated manufactured articles.

The evidence offered on behalf of the plaintiff shows that the gourds in question were natural fruits which grew on vines; that after picking and drying, they were painted or enameled in various colors, and thereafter tied in bunches and used for decorative or ornamental purposes. Counsel for the plaintiff, in the brief filed in its behalf, points out that the provision for fruit in the tariff act, presumably that in paragraph 752, is limited to edible fruit. It is apparently assumed, although there is no evidence on the point, that gourds of the type here involved are inedible and, in view of the fact that they have been painted or enameled and are described in a garden catalog offered and received in evidence as illustrative exhibit A as "curiosities and ornaments," we are inclined to agree.

The arguments made by counsel for the plaintiff for exclusion of gourds such as those here involved from the provisions of paragraph 1518 are that the said paragraph does not specifically provide for natural fruits; that such omission, when taken into consideration in connection with the other language of the paragraph, evinces a deliberate intent on the part of Congress not to include fruits among the commodities therein made dutiable, and that the provision for parts of natural plants contained in the said paragraph is not broad enough to include fruits which grow upon the plant, but only parts of the plants themselves, i. e., the trunks, stems, or limbs, etc.

Counsel cites, and we find, no authority to support these arguments. On the contrary, as we read the provision under which the gourds in question were classified, it appears to us that Congress used extremely broad language so as to encompass within the provision every conceivable type and kind of natural vegetable product so long as it was bleached, colored, dyed, painted, or chemically treated, and not otherwise specially provided for. From the list of treatments enumerated, i. e., bleaching, coloring, etc., it is clear that Congress had in mind such products as are used for decorative or ornamental purposes. Indeed, if the enumeration of the commodities covered by the provision does not embrace the gourds at bar so as to make them classifiable directly under the provision, they are certainly so classifiable by similitude of use under the provisions of paragraph 1559.

The case of *Michelson & Sternberg, Inc.* v. *United States*, 10 Cust. Ct. 239, C. D. 762, is cited in the brief filed on behalf of the plaintiff. That case involved crude necks of gourds which had been sawed off 4 or 5 inches from the stems, the seeds, pulp, and pith removed, and the articles dried in the sun. The evidence showed that necks so

treated were chiefly used in the manufacture of calabash pipes.  The competing tariff provisions were the provision for parts of smokers' articles, finished or unfinished, in paragraph 1552, and the provision for nonenumerated unmanufactured articles in paragraph 1558, and the court held them to be dutiable under the latter provision upon a finding that in their imported condition they were not finished or unfinished pipe bodies, but were merely materials chiefly used in the manufacture of pipe bodies, and not, in their imported condition, dedicated to that use only.

It is to be noted that there was no question of bleaching, coloring, dyeing, painting, or chemical treatment of the gourd necks there in question, and consequently the provisions of paragraph 1518 here in question were not involved.  We do not regard the case, nor do we believe that it was intended to be regarded, as authority for holding that all gourds or parts thereof are properly dutiable under the general residuary clauses in paragraph 1558.

We find the merchandise to be properly dutiable as classified by the collector.  The protest claims are therefore overruled and judgment will issue accordingly.